UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ELLIS ROMEOO LEE THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:07-CV-205 WL |
| v. | ) | |
| | ) | |
| CECIL DAVIS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Ellis Romeoo Lee Thomas, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts

> are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, __, 127 S. Ct. 1955 (2007).

*Erickson v. Pardus*, 550 U.S. __, __; 127 S. Ct. 2197, 2200 (2007) (parallel citations omitted).

> While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. ___, ___; 127 S. Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Nevertheless,

> A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* FED. RULE CIV. PROC. 8(f) ("All pleadings shall be so construed as to do substantial justice").

*Erickson v. Pardus*, 550 U.S. __, __; 127 S. Ct. 2197, 2200 (2007) (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. at 1965, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Thomas brings this suit against four defendants. His primary allegation is that he was denied medical treatment. In medical cases, the Eighth Amendment test is expressed in terms of whether

2

the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters,* 111 F.3d at 1373. Though Thomas is vague as to the exact nature of the medical need on his face, because he was seen and treated by several doctors, the court accepts for the purposes of this screening order that he had a serious medical need.

Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir.

1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000). "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997).

Thomas alleges that according to the American Academy of Dermatology, Dr. Mitcheff and Dr. Myers mis-diagnosed and mistreated his condition. Here, Thomas does not allege, and based on this complaint it is not reasonable to infer, that he was actually examined by the American Academy of Dermatology. Rather he is alleging that based on his reading of literature approved by the American Academy of Dermatology, he believes that he has been mis-diagnosed and treated. Though Thomas uses the words "deliberate indifference", the facts he has provided show otherwise. "[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. at 1965, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted). "[A] plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Casualty Co.*, 959 F.2 75, 79 (7th Cir. 1992) (citations omitted). Here, Thomas was seen several times. He was diagnosed and medications were prescribed, both oral and topical. Thomas alleges that the doctors told him that the medications would resolve his medical condition but that they did not. These facts may or may not constitute medical malpractice, unreasonableness, negligence, or incompetence; but they do not state a claim of deliberate indifference. Thomas argues that he should have been given skin tests, but a prisoner "is not entitled to demand specific care." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). Therefore these claims against Dr. Mitcheff and Dr. Myers will be dismissed.

Thomas alleges that in response to his complaints about the doctors, Nurse Rose Vaisvilas did not conduct an independent investigation of his medical condition. Rather he alleges that she accepted what the doctors told her. This does not state a claim. Nurses take orders from doctors. The nurse had no duty to independently diagnose Thomas contrary to the professional judgments rendered by the treating physicians. Thomas does not allege any emergency circumstances that would have caused the nurse to need to act without first consulting the doctor(s) and accepting direction from him/them. Therefore this claim against Nurse Rose Vaisvilas will be dismissed.

Additionally, Thomas alleges that he has not received any topical medication even though it has been prescribed for him. He alleges that although Nurse Rose Vaisvilas told him that Ketoconazole had been substituted for the Tinven Lotion, he had received neither. He further alleges that he was told that some other medication was further substituted for the Ketoconazole, but that he still got nothing. Giving Thomas the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has stated a claim against Nurse Rose Vaisvilas for the denial of his prescribed topical medication.

Finally, Thomas alleges that he repeatedly contacted Superintendent Edward Buss. He alleges that sometimes he received a response and other times he did not.

> [T]he First Amendment right to petition the government for a redress of grievances protects a person's right to complain to the government that the government has wronged him, but it does not require that a government official respond to the grievance.

*Jones v. Brown*, 300 F. Supp. 2d 674, 679 (N.D. Ind. 2003). Furthermore, the superintendent is not liable for a denial of medical treatment because Thomas was being seen and treated by doctors.

> If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This

5

>follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor.

*Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (ellipsis omitted) *citing Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004). Here, the superintendent had no duty to independently attempt to diagnose Thomas' medical condition. He had no duty to overrule the diagnosis and treatment prescribed by the treating physicians. Therefore these claims will be dismissed.

Lastly, Thomas filed a motion seeking to know the status of his case. It is unnecessary to file a motion to obtain the status of a case. Such information is listed on the docket sheet. Though this order renders the motion moot, in the future Thomas can obtain such information by writing a letter to the clerk requesting a copy of the docket sheet in this case.

For the foregoing reasons, the court:

(1) **DENIES AS MOOT** the motion for a status report;

(2) **GRANTS** Ellis Romeoo Lee Thomas leave to proceed against Nurse Rose Vaisvilas in her individual capacity for monetary damages for the denial of his prescribed topical medication in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims;

(4) **DISMISSES** Dr. Mitcheff, Dr. Myers, and Superintendent Edward Buss;

(5) **DIRECTS** the clerk to transmit the summons and USM-285 for Nurse Rose Vaisvilas to the United States Marshals Service along with copies of this order and copies of the complaint;

(6) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Nurse Rose Vaisvilas; and

(7) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Nurse Rose Vaisvilas respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claims for which the plaintiff been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: May 22 , 2008

 s/William C. Lee
William C. Lee, Judge
United States District Court